# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:17-CV-432-DJH

**UNITED STATES OF AMERICA,**                                                **Plaintiff,**

**v.**

**RUSTY THOMAS, et al.,**                                                         **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on a motion to alter, amend, or vacate an order of this Court (DN 21). The motion was filed by Donna Durning and Angela Minter ("Movants"). Movants request that the Court alter, amend, or vacate its order of July 24, 2017 (DN 17) that denied as moot all then-pending motions in order to reconsider their motion to intervene (DN 13) as party defendants, which was one of the motions that DN 17 denied as moot. Plaintiff United States of America ("United States") filed a response (DN 31) and Movants filed a reply (DN 35). For the following reasons, the undersigned **recommends** that the motion to alter, amend, or vacate (DN 21) be **denied**.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. FACE Act Complaint and Temporary Restraining Order

This is a civil action initiated on July 18, 2017 by the United States under the Freedom of Access to Clinic Entrances Act ("FACE Act"), 18 U.S.C. § 248 (1994). (DN 1.) The United States alleges that the named Defendants have committed, and are likely to continue to commit, violations of the FACE Act, and that various persons are being, have been, and will continue to be injured, intimidated, and/or interfered with by Defendants' conduct. (*Id.*, ¶ 1.) On July 21, 2017, on the motion of the United States (DN 3), United States District Judge David J. Hale

issued a temporary restraining order (DN 11). In the temporary restraining order, Judge Hale found that the United States presented evidence that Defendants violated the FACE Act on May 13, 2017 by physically obstructing patients' and medical providers' access to the entrance of EMW Women's Surgical Center ("EMW") in Louisville, Kentucky, and that evidence supported the United States' position that Defendants intended to carry out further FACE Act violations between July 22 and 29, 2017. (DN 11 at 2, ¶¶ 2-3.) Judge Hale concluded that the United States had demonstrated imminent risk of irreparable injury in the form of interference with EMW's patients' and their escorts' access to reproductive health services, interference with EMW's provision of reproductive health services to its patients, and risks to public safety, all injuries that cannot be fully compensated through monetary damages. (*Id.* at 3, ¶ 9.)

Accordingly, Judge Hale issued a temporary restraining order for 14 days, pending determination of the United States' motion for preliminary injunction (DN 3) or until further order of the Court. (DN 11 at 3, ¶ 11.) Among other provisions, the temporary restraining order prohibited Defendants "and any representatives, agents, employees, or any others acting in concert or participation with any Defendant" from coming within a "buffer zone" directly outside EMW's entrance of approximately 15 feet by approximately 7.5 feet or from entering onto EMW property.[1] (DN 11 at 4, ¶ 12(b).) The temporary restraining order authorized the United States Marshals Service ("U.S. Marshals") to enforce its terms and to arrest any person who impeded their execution of the order. (*Id.* at 5, ¶ 15.)

---

[1] The buffer zone is described with more particularity in paragraph 12(b) of the temporary restraining order. (DN 11 at 4, ¶ 12(b).) Additionally, the terms of the temporary restraining order applied only during EMW's hours of operation and two hours before and after EMW's hours of operation. (*Id.* at ¶ 13.)

2

### B.     Motion to Intervene

Two days after issuance of the temporary restraining order, Movants filed a motion to intervene (DN 13). Movants ask the Court to permit them to intervene as party Defendants "as to the imposition of any injunction relating to protest or sidewalk counseling at [] EMW[.]" (*Id.* at 1.) Movants assert that they both regularly engage in sidewalk counseling at EMW; that they have never blockaded the doors of EMW; and that their sidewalk counseling efforts were interfered with by "self-appointed 'escorts' who act a[t] the request of and in cooperation with [] EMW [] to prevent pro-life speech from dissuading women from entering the clinic," at which times they have allegedly been pushed, shoved, shouted at, elbowed, and subjected to other forms of force, threats, and intimidation. (*Id.* at 1, ¶¶ 1, 3-5.) Movants assert that the EMW escorts have moved to the sidewalk where protesters previously stood, thereby effectively extending the buffer zone and having a chilling effect on the efforts of local protesters and sidewalk counselors at EMW. (*Id.* at 2, ¶¶ 7-9.) They also assert that local law enforcement officers and U.S. Marshals told Movants' counsel that they interpret the act of standing in the buffer zone as a violation of the temporary restraining order. (*Id.*) Movants state that they believe they are at a continuing risk of being targeted with these types of actions if the temporary restraining order becomes a preliminary or permanent injunction. (*Id.* at 2, ¶ 10.) Movants argue that they have an important interest that will be affected by the outcome of the case, and that they ought to be granted leave to intervene as Defendants pursuant to Rule 24 of the Federal Rules of Civil Procedure.

There was no further briefing on the motion to intervene because that motion was denied as moot by Court order entered on July 24, 2017. On July 24, 2017, the undersigned conferred

3

with counsel for the United States and Defendants. In pertinent part, the order entered thereafter (DN 17) states as follows:

> The undersigned discussed this action with counsel for Plaintiff and Defendants. The parties have agreed that the Temporary Restraining Order (DN 11) will remain in effect until it expires by its terms, and that there is no need at this time for further consideration by the Court of the Motion for Preliminary Injunction. *All other motions not previously disposed of are hereby denied as moot.*

(DN 17 (emphasis added).)

### C. Motion to Alter, Amend, or Vacate

On August 1, 2017, Movants filed the motion to alter, amend, or vacate a ruling of this Court (DN 21). Movants request that the Court modify DN 17 and consider on the merits the motion to intervene -- one of the then-pending motions denied as moot by DN 17. As grounds for the motion to alter or amend, Movants state that because the United States' claim for permanent injunction remains pending, "there is a continuing need for the movant[s], as persons gravely affected by any injunction, to be allowed to intervene to protect their interests." (DN 21 at 1.) They state that the U.S. Marshals have exceeded the terms of the Court's temporary restraining order (DN 11) by precluding *anyone* from stopping in the buffer zone around EMW, regardless of their intent or whether they acted in concert with named Defendants. (DN 21 at 1.) Movants contend that a permanent injunction enforced in this way "would permanently interfere with the constitutional rights of numerous local citizens." (*Id.* at 1-2.) Accordingly, Movants ask the Court to alter, amend, or vacate that portion of the Court's order (DN 17) denying as moot the motion to intervene and to permit their intervention as Defendants in this action.

The United States filed a response in opposition (DN 31). According to the United States, while law enforcement officers prevented those acting in concert with named Defendants from obstructing patient access through the buffer zone, they did *not* impede Movants' presence in the buffer zone or their counseling of patients. (DN 31 at 1.) The United States argues that Movants cannot meet their burden to satisfy each of four elements required to intervene as a matter of right under Rule 24(a). The Court will address the United States' arguments as to each element in the Discussion section below. The United States further argues that Movants should not be permitted to intervene under Rule 24(b)(1)(B) because they do not share any questions of law or fact with the named Defendants.

Movants filed a reply (DN 35). They argue that the United States is incorrect when it asserts that the temporary restraining order was enforced only against named Defendants and those acting in concert with them. (*Id.* at 1.) Movants contend that U.S. Marshals told persons at the clinic that *everyone* was prohibited from stopping in the buffer zone. (*Id.* at 1-2.) Movants' position is that if they are not permitted to intervene and a permanent injunction is issued, then it will have a chilling effect on their constitutional rights. (*Id.* at 2 ("It is perfectly clear that every citizen in the Louisville community faces threat of arrest and thus an impairment of his or her rights by reason of the 'zone of exclusion' implemented under the guise of prohibiting a repeat of the single sit [sic] by the 10 Defendants who acted without the cooperation of the locals.").) Movants also filed an affidavit of Vincent Heuser, counsel of record for Movants and Defendants Rusty Thomas, James Soderna, Laura Buck, James Zastrow, Eva Zastrow, and Eva Edl. (DN 35-1.) In the affidavit, Heuser avers that in his experience, while the temporary restraining order was in effect, the U.S. Marshals and local law enforcement officers applied the order to anyone

who stepped inside the buffer zone, not just to the named Defendants and those acting in concert with them. (*Id.*) His position is that based upon his experience, "[t]he public faces a continuing threat of arrest for lawful conduct if a permanent injunction were to be imposed." (*Id.*) Movants also filed a proposed order that would vacate the denial of the motion to intervene and permit Movants to file an answer to the complaint. (DN 35-2.)

### D. Report and Recommendation

Before moving on to the Discussion section below, the Court notes that consistent with the decisions of several other district courts in the Sixth Circuit, the instant analysis is prepared in the form of a report and recommendation to Judge Hale, rather than an order. These courts have concluded that "denial of a motion to intervene is functionally equivalent to several of the motions listed in 28 U.S.C. § 636(b)(1)(A), and [] a motion to intervene is dispositive as to the [] movants who seek to intervene." *Meeks v. Schofield*, 2013 U.S. Dist. LEXIS 61463, *6 (M.D. Tenn. Apr. 30, 2013) (construing magistrate judge's order denying motions to intervene as a report and recommendation); *see also Wash. Mut. Bank v. Chiapetta*, 2011 U.S. Dist. LEXIS 49068, *4 (N.D. Ohio May 6, 2011) ("The Court concludes that the denial of a motion to intervene is functionally equivalent to several of the listed motions in 28 U.S.C. § 636(b)(1)(A), and a motion to intervene is dispositive as to [the movant].").

## DISCUSSION

Rule 24(a) of the Federal Rules of Civil Procedure entitles certain parties to intervene in a lawsuit as of right. The Rule provides as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

The Sixth Circuit holds that "a proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their [sic] interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." *Coalition to Defend Affirmative Action v. Granholm*, 510 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)). Rule 24 should be "broadly construed in favor of potential intervenors." *Id.* (quoting *Purnell v. City of Akron*, 925 F.3d 394, 497-98 (6th Cir. 1999)). Nonetheless, a failure to meet any one of these factors will require that the motion be denied. *Id.* at 780 (citing *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

In the following analysis of Movants' motion to intervene, the Court finds helpful a report and recommendation of a magistrate judge in the District of Colorado denying a motion to intervene under similar facts and nearly identical legal standards. *See United States v. Scott*, 2011 U.S. Dist. LEXIS 152270 (D. Colo. Oct. 19, 2011) (report and recommendation accepted in *United States v. Scott*, 2012 U.S. Dist. LEXIS 8647 (Jan. 25, 2012)). In *Scott*, the United States initiated an action under the FACE Act against two individuals who, the United States alleged, forcibly and intentionally injured, intimidated, or attempted to do the same, persons who sought

7

or provided reproductive health services at a Planned Parenthood location. *Scott*, 2011 U.S. Dist. LEXIS 152270 at *3. At a time when the United States and one defendant had reached a settlement agreement, and the other defendant had filed a motion to dismiss, two other individuals filed motions seeking to intervene under Rule 24(a) or (b) "as persons allegedly 'targeted' by the injunctive relief sought by the United States." *Id.*; *id.* at *3-4 (stating that movants contended that "the requested injunction would keep all of us [a small group which has been picketing Planned Parenthood for 22 years on a daily basis'] 25 feet from the driveway") (brackets in original).

### A.     Intervention as a Matter of Right - Rule 24(a)

#### 1.     Timeliness

The first factor in the Sixth Circuit's test for intervention as a matter of right is whether the motion to intervene is timely. *Granholm*, 510 F.3d at 779. In its response to the motion to alter, amend, or vacate DN 17, the United States does not address the timeliness of the original motion to intervene. The United States initiated this action on July 18, 2017 (DN 1), and Judge Hale issued the temporary restraining order (DN 11) on July 21, 2017. Movants filed the original motion to intervene (DN 13) on July 23, 2017 and the motion to alter, amend, or vacate (DN 21) approximately one week later on August 1, 2017. The Court finds that the original motion to intervene and the motion to alter, amend, or vacate were timely filed. Accordingly, Movants have satisfied the first factor of the Rule 24(a) test.

#### 2.     Interest in the Subject Matter

The second factor requires the "proposed intervenors [to] show that they have a substantial legal interest in the subject matter of this litigation." *Grutter*, 188 F.3d at 398 (citing

8

*Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990)). The Sixth Circuit cautioned in *Granholm* that "[a]lthough [it] has noted that this Circuit 'has opted for a rather expansive notion of the interest sufficient to invoke intervention of right' [ . . . ] this does not mean that any articulated interest will do." *Granholm*, 510 F.3d at 780 (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)) (additional citations omitted). Establishing a substantial legal interest is necessarily fact-specific. *Id.* (citation omitted).

In *Scott*, the movants argued that they were acting in concert with the defendants, and therefore, they should be permitted to intervene. *Scott*, 2011 U.S. Dist. LEXIS 152270 at *10. The court disagreed, reasoning that "any stated interest in this case is either nonexistent or merely speculative; for the movants to be considered as 'acting in concert' with the Defendants (as defined by the request for injunctive relief), they would need to be charged with or found in violation of the FACE Act." *Id.* Yet, movants were not parties to the case and neither the United States nor any other person or entity alleged that movants had committed FACE Act violations. *Id.* Accordingly, the Court found that "the movants' interest, if any, [was] too attenuated to be sufficient under Rule 24(a)." *Id.*

In this case, the United States argues that Movants have no legal interest in the subject matter of this litigation, much less a substantial one. (DN 31 at 3.) Specifically, the United States argues, Movants do not allege that the relief sought by the United States -- either monetary or injunctive -- would apply to them, as the United States seeks such relief only against the named Defendants and their representatives, agents, employees, or any others acting in concert or participation with them. (*Id.* at 4 (citing complaint (DN 1, ¶ 32(A)(1)).) Indeed, the United States argues, Movants do not assert that they have any such relationship with any of the named

Defendants, and they expressly deny having knowledge concerning the named Defendants' attempts to encourage others to violate the FACE Act. (DN 31 at 4.)

Having considered the arguments presented by the United States and Movants, as well as the *Scott* court's analysis, the Court finds that Movants have not stated a sufficient interest in this litigation to support intervention as a matter of right. As the United States points out, Movants *expressly deny* that they are "acting in concert" with the named Defendants. (*See, e.g.*, DN 35 at 2 ("The named defendants are alleged to have acted to obstruct access to the EMW clinic. Not one of the three people [c]ounsel identifies was intent upon obstructing access to EMW.").) At most, Movants assert that certain U.S. Marshals present at EMW after issuance of the temporary restraining order interpreted the order's terms as applying to anyone who entered the buffer zone, rather than recognizing that the order was limited to the named Defendants and any representatives, agents, employees, or any others acting in concert with them. Based upon the limited scope of the temporary restraining order, the Court simply does not credit Movants' assertion that it -- or a potential permanent restraining order against Defendants and those acting in concert with them -- jeopardizes or may have a chilling effect on Movants' constitutional rights. Even if the temporary restraining order or a permanent injunction with similar terms would create such a chilling effect, there is no potential remedy for Movants in this action as it currently exists. The United States has not alleged that Movants have acted in concert with Defendants or that it intends to assert FACE Act claims against Movants. *See Scott*, 2011 U.S. Dist. LEXIS 152270 at *10 ("[F]or the movants to be considered as 'acting in concert' with the Defendants . . . they would need to be charged with or found in violation of the FACE Act.").

For that reason, "any state interest in this case [by Movants] is either nonexistent or merely speculative[.]" *Id.*

For the foregoing reasons, the Court concludes that Movants' interest in this case, if any, is insufficient to satisfy the second factor of the Sixth Circuit's Rule 24(a) standard.

### 3. Danger that Interest may be Impaired

The third factor for intervention as a matter of right requires the proposed intervenor to show that her ability to protect her interest may be impaired in the absence of intervention. *Granholm*, 501 F.3d at 779. "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is *possible* if intervention is denied." *Miller*, 103 F.3d at 1247 (citing *Purnell*, 925 F.2d at 948) (emphasis added). This burden is minimal. *Id.* For example, the Sixth Circuit has recognized that potential stare decisis effects or the time-sensitive nature of a case can be factors in the intervention analysis. *Id.*

In *Scott*, the movants asserted that the proposed injunction would negate their First Amendment rights and those of others acting in concert with the named defendants. *Scott*, 2011 U.S. Dist. LEXIS 152270 at *11. The court disagreed, stating that "the movants' contention that they [were] 'acting in concert' with Defendants is incorrect or, at the very least, speculative, since neither movant has been alleged to have committed FACE violations." *Id.* The court concluded that the movants failed to meet "even the minimal burden of showing an impairment of any interest." *Id.*

Similarly, in this case, and for essentially the same reasons set forth in the United States' response, the Court finds that Movants fail to satisfy the third factor in the 24(a) intervention test.

Movants do not present a plausible argument that their constitutional rights have been violated, as the terms of the temporary restraining order are expressly limited to Defendants and those acting in concert with them. Further, their motion to intervene is premised on a speculative argument that a permanent injunction would impair their constitutional rights or those of some nebulous group of "numerous local citizens." (DN 21 at 2.) This argument is undermined by Movants' repeated assertion that they have *not* acted in concert with named Defendants, as well as the dearth of allegations by the United States that Movants have in fact violated the FACE Act.

For these reasons, the Court finds that Movants fail to satisfy the third element of the Rule 24(a) intervention test set forth by the Sixth Circuit.

### 4. Adequate Representation by Existing Parties

The fourth and final requirement of the Sixth Circuit test is that the potential intervenor show that her interests are not adequately represented by the parties already before the Court. *Miller*, 103 F.3d at 1245 (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)). This burden is minimal; the proposed intervenor need not show that the representation will *in fact* be inadequate, but merely that it *may* be inadequate. *Id.* at 1247. The *Scott* court, also applying a minimally burdensome test, concluded that the movants made "no showing of any inadequate representation of their purported interests in th[e] litigation," as the proposed intervenors did not assert any "divergence of interest" from the existing defendants. *Scott*, 2011 U.S. Dist. LEXIS 152270 at *12-13.

In this case, Movants do not specifically address whether their interests are adequately represented by existing Defendants. Their argument focuses on the position that a permanent

12

injunction would violate their constitutional rights. This appears to be one argument advanced by named Defendants in opposition to a temporary restraining order or injunction. (*See, e.g.*, DN 9 (Defendants Thomas, Edl, and Soderna's response to United States' emergency motion for consideration of motion for temporary restraining order) ("[T]he issuance of an 'area based' restriction rather than an 'action based' restriction itself is an impingement upon the rights of that [sic] the United States will accuse of 'acting in concert' merely because they are present within the area and counsel needs time for legal research to know the law on this."). Indeed, nowhere in the motion to intervene or the motion to alter, amend, or vacate do Movants argue that they have different interests than named Defendants.

For the foregoing reasons, the Court finds that Movants fail to satisfy the fourth and final element of the Sixth Circuit's intervention as a matter of right test.

Accordingly, based upon the analysis above, the Court concludes that Movants fail to meet their burden as to three of the four elements of the Sixth Circuit's test. Failure to satisfy any one element defeats a motion to intervene as a matter of right. *Granholm*, 510 F.3d at 780 (citing *Grubbs*, 870 F.2d at 345). The undersigned therefore recommends that the District Court conclude that Movants cannot intervene in this action as a matter of right pursuant to Rule 24(a).

**B. Permissive Intervention - Rule 24(b)**

As is noted above, Movants did not frame their arguments in favor of intervention in terms of Rule 24(b). Nonetheless, the Court will consider whether Movants should be permitted to intervene pursuant to Rule 24(b). Rule 24(b) provides that, upon timely motion, a court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B); *see Stupak-Thrall v. Glickman*,

13

226 F.3d 467, 472 (6th Cir. 2000) ("Regarding permissive intervention, 'so long as the motion for intervention is timely and there is at least one common question of law or fact, the balancing of undue delay, prejudice to the original parties, and any other relevant factors is reviewed for an abuse of discretion.'") (quoting *Miller*, 103 F.3d at 1240). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id.* at (b)(3).

As is discussed above, the Court finds that the motion to intervene and the motion to alter, amend, or vacate were timely filed. On the surface, at least, it does not appear that permitting Movants to intervene would cause undue delay. However, the Court cannot say this with certainty. Because of the uniqueness of the FACE Act suit brought by the United States, as well as the assertions by both the United States and Movants that Movants were not acting in concert with named Defendants, it appears to the Court that at least some discovery would be necessary were Movants permitted to intervene. Again, as is discussed in detail above, the Court finds that Movants do not have a sufficient interest in this case and, thus, their purported defense does not share common questions with the issues presented in the United States' lawsuit against named Defendants.

As the *Scott* court found, Movants "are not 'acting in concert' with the Defendants, as defined by the [United States'] request for injunctive relief, unless they have been charged with or found in violation of the FACE Act." *Scott*, 2011 U.S. Dist. LEXIS 152270 at *14; *id.* at *14-15 ("Having shown no common question of law or fact, the movants should not be permitted to intervene."). Additionally, Movants' asserted reasons in support of intervention do not "add value" to the case brought against named Defendants because Movants do not purport to be

within the actual scope of the temporary restraining order's terms. *See id.* at *15 ("[T]he Court notes that it has already determined there is adequate representation of the movants' purported interests in this case, and adds that the movants have indicated no 'input' that would add value to this case."). Finally, if at some point in the future the United States alleges that Movants have violated the FACE Act, Movants will have an opportunity to defend those allegations at that time. *Cf. id.* at *15.

Based on the foregoing, the Court concludes that Movants have failed to show that their intervention would have a common issue of law or fact with those already in existence in this litigation. Accordingly, the undersigned recommends that the District Court deny Movants permissive intervention in this lawsuit under Rule 24(b).

## RECOMMENDATION

Accordingly, based upon the foregoing, the undersigned recommends that Movants' motion to alter, amend, or vacate (DN 21) be **DENIED** and that the order (DN 17) denying the motion to intervene (DN 13) remain in effect.

## Notice

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), the undersigned Magistrate Judge hereby files with the Court the instant findings and recommendations. A copy shall forthwith be electronically transmitted or mailed to all parties. 28 U.S.C. § 636(b)(1)(C). Within fourteen (14) days after being served, any party may serve and file specific written objections to these findings and recommendations. *Id.*; Fed. R. Civ. P. 72(b)(2). Failure to file and serve objections to these findings and recommendations constitutes a waiver of a party's right to appeal. *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections. Fed. R. Civ. P. 72(b)(2).

cc: Counsel of record