UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
Louisville Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-CV-432 |
| | ) | |
| RUSTY THOMAS, JAMES SODERNA, | ) | |
| THOMAS RADDELL, DAVID GRAVES, | ) | |
| LAURA BUCK, CHRIS KEYS, | ) | |
| JAMES ZASTROW, EVA EDL, | ) | |
| EVA ZASTROW, and DENNIS GREEN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## SETTLEMENT AGREEMENT AND ORDER

### INTRODUCTION

1.    This Settlement Agreement is submitted jointly by Plaintiff United States of America and Defendant James Soderna ("Mr. Soderna") for the approval of and entry by the Court.

2.    This civil action was instituted by the United States of America, Plaintiff, on July 18, 2017, pursuant to the Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. § 248 (the "FACE Act"). The United States seeks damages, civil penalties, and injunctive relief.

3.    In this action, the United States alleges that the named defendants engaged in conduct prohibited by the FACE Act at the EMW Women's Surgical Center in Louisville, Kentucky on May 13, 2017.

4.     The United States and Mr. Soderna have entered into this Settlement Agreement and proposed the Order to avoid the risks, expenses, and burdens of litigation and to resolve voluntarily the United States' claims that Mr. Soderna violated the FACE Act on May 13, 2017.

## JURISDICTION, STANDING AND VENUE

5.     This Court has jurisdiction over this action pursuant to the FACE Act, 18 U.S.C. § 248 (1994), and 28 U.S.C. § 1345.

6.     The United States is authorized to bring this action pursuant to the FACE Act, 18 U.S.C. § 248(c)(2).

7.     Venue is proper in this judicial district, under 28 U.S.C. § 1391(b)(2), in that all the events giving rise to the Complaint in this action occurred in this judicial district.

## FACTUAL BACKGROUND

8.     Mr. Soderna is an individual residing at 2511 Belmont Road, Brooksville, Kentucky 41004.

9.     The EMW Women's Surgical Center ("EMW") is a facility that provides reproductive health services as defined by the FACE Act, and is located at 136-138 West Market Street, Louisville, Kentucky.

10.     On May 13, 2017, during EMW's hours of operation, Mr. Soderna, with ten other individuals, blocked the sole public entrance to EMW.  Mr. Soderna and ten other individuals entered EMW's property, sat down with their backs against EMW's doors, and refused to move from the entrance.

11.     While the eleven individuals were sitting in front of the entrance to EMW, patients were not able to access the entrance to EMW.  In addition, volunteer escorts, who assist patients

as they approach EMW, were unable to facilitate access to the entrance to EMW, and individuals who provide reproductive health services within EMW could not exit through the entrance.

12.     The actions of Mr. Soderna, with others, on May 13, 2017, rendered impassable ingress to and egress from EMW via the public entrance.

13.     During the May 13, 2017 event, Louisville Metro Police Department officers told Mr. Soderna that he would be arrested if he did not leave EMW's property.  Mr. Soderna refused to leave.  Louisville Metro Police arrested Mr. Soderna and others.

14.     On May 13, 2017, Mr. Soderna attempted to, and did, by physical obstruction, intentionally interfere with persons because they were or had been obtaining or providing reproductive health services relating to the termination of pregnancy.

15.     Mr. Soderna's conduct in physically obstructing the entrance to EMW on May 13, 2017, as described in the United States' Complaint in this action, constituted a civil violation of the FACE Act.

16.     The United States is authorized under 18 U.S.C § 248 to seek and obtain temporary, preliminary, and/or permanent injunctive relief; statutory compensatory damages; and civil penalties for Mr. Soderna's violation of the FACE Act.

## OBLIGATIONS AND RESPONSIBILITIES

17.     Mr. Soderna shall, immediately upon the entry of this Settlement Agreement and Order, pay a civil penalty of one hundred dollars ($500.00) to the United States.

18.     Mr. Soderna shall not enter onto EMW property for a period of three years after the entry of this Settlement Agreement and Order.

19.     Mr. Soderna shall not come within the following "buffer zone" on the sidewalk directly outside EMW for a period of three years after the entry of this Settlement Agreement and

Order: the entire sidewalk between EMW's property and the curb, and running the length of sidewalk in front of the building at 136-138 W. Market Street in Louisville, Kentucky. The buffer zone and EMW property facing West Market Street are indicated by the yellow rectangle superimposed on the photo of EMW and its surroundings in Exhibit A.

20.     Any representatives, agents, employees, or any others acting in concert or participation with Mr. Soderna, and who are acting at his direction, are further prohibited from entering onto EMW property and from entering the buffer zone described in paragraph 19, for a period of three years after the entry of this Settlement Agreement and Order. This Paragraph only applies to those individuals acting at Mr. Soderna's direction.

21.     The terms of paragraph 19 of this Settlement Agreement and Order only apply during EMW's hours of operation as indicated on EMW's website, and during the time periods both one hour before and one hour after EMW's hours of operation.

22.     This Settlement Agreement and Order do not restrict any of Mr. Soderna's rights, including his First Amendment rights, outside of EMW's property and the buffer zone described in paragraph 19.

23.     The United States Marshals Service and any other authorized federal law enforcement officers acting in concert with the United States Marshals Service are authorized to enforce the terms of paragraphs 18, 19, and 20 of this Settlement Agreement and Order and are authorized to use reasonable means to so enforce this Settlement Agreement and Order and to arrest any person who impedes their enforcement of this Settlement Agreement and Order. Local, state and federal law enforcement agencies are authorized to enforce the terms of paragraphs 18, 19, and 20 of this Settlement Agreement and Order.

-4-

**ENFORCEMENT**

24.    This Settlement Agreement and Order is enforceable only by the United States, Mr. Soderna, and the Court.  Any violation of the provisions of this Settlement Agreement and Order does not create a private right of action.

25.    By the terms of this Settlement Agreement and Order, the United States and Mr. Soderna have reached a full and complete settlement of the United States' civil claims and all of the United States' potential civil claims arising out of Mr. Soderna's conduct at EMW on May 13, 2017.  The provisions set forth in this Settlement Agreement and Order shall remain in full force and effect and be enforceable by the Court regardless of the outcome of any prospective litigation involving any other defendants or non-parties.

26.    The provisions of this Settlement Agreement and Order are a lawful, fair and reasonable resolution of the claims against Mr. Soderna in this case.

27.    Nothing contained in this Settlement Agreement and Order shall be construed to be an admission by Mr. Soderna as to any criminal liability under the FACE Act.

28.    The United States and Mr. Soderna each agree to defend the provisions of this Settlement Agreement and Order.

29.    The United States and Mr. Soderna shall each bear their own costs and attorney's fees associated with this litigation.

30.     The Court shall retain jurisdiction over the United States' claims against Mr.

Soderna and may order such relief as necessary to enforce this Settlement Agreement and Order.

~~One year~~ *Three years* after entry of this Settlement Agreement and Order, and after payment of the monetary

sum in paragraph 17, the United States' claims in this action against Mr. Soderna shall be

dismissed with prejudice.

*8-15-18*

FOR PLAINTIFF UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney
Western District of Kentucky

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

STEVEN H. ROSENBAUM
Chief
Special Litigation Section


JESSICA R. C. MALLOY
BENJAMIN S. SCHECTER
Assistant United States Attorneys
Western District of Kentucky
717 West Broadway
Louisville, KY 40202
Jessica.Malloy@usdoj.gov
Ben.Schecter@usdoj.gov
(502) 582-5811

BRIAN BUEHLER
Trial Attorney
Special Litigation Section
950 Pennsylvania Avenue, NW-PHB
Washington, DC 20530-0001
brian.buehler@usdoj.gov
(202) 353-1100

*Aaron Fleisher*


FOR DEFENDANT JAMES SODERNA

VINCE HEUSER
Attorney for James Soderna
vheuser@hirshandheuser.com
(502) 458-5879

JAMES SODERNA
Defendant

## PROPOSED ORDER ENTERING SETTLEMENT AGREEMENT

Plaintiff United States of America and Defendant James Soderna jointly submitted the foregoing Settlement Agreement for the approval of and entry by the Court. The provisions of this Settlement Agreement and Order are a lawful, fair and reasonable resolution of the claims against Mr. Soderna in this case. The Court shall retain jurisdiction over the United States' claims against Mr. Soderna and may order such relief as necessary to enforce this Settlement Agreement and Order, until its terms are satisfied. The foregoing Consent Decree is SO ORDERED.

September 21, 2018

**David J. Hale, Judge**
**United States District Court**



# Exhibit A

Yellow = Buffer Zone